UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN IVAN KOCAK,<br><br>    Plaintiff,<br><br>v.<br><br>SHERWIN JIMINEZ,<br><br>    Defendant. | Case No. 18-cv-02065-JST<br><br>**ORDER OF SERVICE; DISMISSING ONE CLAIM WITH LEAVE TO AMEND** |

Plaintiff, an inmate at Valley State Prison, filed this *pro se* action action under 42 U.S.C. § 1983 alleging that Officer Sherwin Jiminez, a correctional officer at Correctional Training Facility – Soledad ("CTF"), where Plaintiff was previously housed, violated his constitutional rights. ECF No. 1. Plaintiff was granted leave to proceed *in forma pauperis* by separate order. ECF No. 6. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

### A. Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

The complaint makes the following allegations.

On three separate occasions, Officer Jiminez refused to process Plaintiff's legal mail. Officer Jiminez informed Plaintiff that his sergeant had instructed him not to process Plaintiff's mail. When Plaintiff informed Officer Jiminez that he was blocking Plaintiff's access to the courts and that Plaintiff would file a grievance regarding Officer Jiminez's actions, Officer Jiminez was dismissive and laughed. ECF No. 1 at 3.

On February 27, 2017, Plaintiff filed a grievance regarding Officer Jiminez's refusal to process his legal mail, and on April 10, 2017, the grievance was decided in Plaintiff's favor. On April 20, 2017, in retaliation for Plaintiff's successful grievance, Officer Jiminez trashed Plaintiff's cell and destroyed his personal property, including Plaintiff's ADA hearing aids which cost in excess of $1200 to replace. The search caused Plaintiff to have a panic attack, suffer chest pains, and have difficulty breathing. Plaintiff requested medical help, but Officer Jiminez refused, laughing, "Your (sic) just having a panic attack Kocak!! I'm not calling medical for you!" Officer Jiminez left Plaintiff lying on the ground for some time before forcing Plaintiff back into his trashed cell. For the next six months, Officer Jiminez bullied and harassed Plaintiff, causing Plaintiff to live in a state of high anxiety and regularly suffer panic attacks. ECF No. 1 at 4–5.

2

## C. Legal Claims

Plaintiff's allegation that Officer Jiminez retaliated against Plaintiff for his successful grievance by trashing his cell and destroying his property, and then engaging in a six-month long harassment campaign states a cognizable First Amendment retaliation claim. *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote omitted) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.").

Plaintiff's allegation that Officer Jiminez ignored his request for medical assistance as he suffered from a panic attack states a cognizable Eighth Amendment claim. The Eighth Amendment's proscription against cruel and unusual punishment prohibits prison officials from being deliberately indifferent to an inmate's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A "serious" medical need exists if the failure to treat a prisoner's condition could result in the "unnecessary and wanton infliction of pain," or if the medical condition significantly affects an individual's daily activities. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (citing *Estelle*, 429 U.S. at 104).

Plaintiff's allegation that Officer Jiminez refused to process his legal mail does not state a cognizable claim for denial of the right of access the courts. "[P]risoners have a right under the First and Fourteenth Amendments to litigate claims challenging their sentences or the conditions of their confinement to conclusion without active interference by prison officials." *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011), *overruled on other grounds as stated by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015) (reversing district court and finding cognizable denial of access to courts claim based on prisoner's allegations that he was repeatedly transferred between different facilities in order to hinder ability to litigate pending civil lawsuits, prison officials seized and withheld all of his legal files, and as a result of such actions several of his pending suits were dismissed). To establish a claim for violation of the right to access to the

courts, the prisoner must prove that he suffered an actual injury. *Lewis v. Casey*, 518 U.S. 343, 350–55 (1996). To prove an actual injury, the prisoner must show that prison officials hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. *See id*. at 354–55. Plaintiff has failed to allege an actual injury from Officer Jiminez's actions. Because this deficiency could feasibly be cured through amendment, the Court will allow Plaintiff leave to amend this claim if Plaintiff can truthfully do so. *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996) ("A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle her to relief.").

However, Plaintiff's allegation that Officer Jiminez refused to process his legal mail does state a cognizable claim that Officer Jiminez violated his First Amendment right to send mail. Prisoners enjoy a First Amendment right to send and receive mail. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)). Censorship of outgoing mail is justified only if (1) the regulation or practice in question furthers one or more of the substantial governmental interests of security, order and rehabilitation, and (2) the limitation on First Amendment freedoms is no greater than necessary to further the particular government interest involved. *See Procunier v. Martinez*, 416 U.S. 396, 413 (1974), *overruled on other grounds by Thornburgh*, 490 U.S. at 413–14.

## CONCLUSION

For the foregoing reasons, the Court hereby orders as follows:

1. The complaint states the following cognizable claims against CTF Officer Sherwin Jiminez: a First Amendment retaliation claim, an Eighth Amendment claim, and a First Amendment right to send mail claim. Plaintiff's claim that Officer Jiminez denied him his right to access the courts is DISMISSED with leave to amend.

2. Plaintiff may either amend his complaint or proceed on the three cognizable claims identified above. If Plaintiff wishes to amend his complaint, he shall file an amended complaint within **twenty-eight (28) days** of the date of this order. The amended complaint must include the caption and civil case number used in this order, Case No. C 18-02065 JST (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must

4

answer all the questions on the form in order for the action to proceed. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, including the claims which the Court has already found cognizable. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Plaintiff is advised that an amended complaint will supersede the original complaint and all other pleadings. Claims and defendants not included in the amended complaint will not be considered by the court. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). The Clerk shall include two copies of a blank civil rights complaint form with a copy of this order to Plaintiff. If Plaintiff does not file an amended complaint within the time provided, this action shall proceed on the three cognizable claims identified above.

3. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint with all attachments if any (ECF No. 1), and a copy of this Order on CTF Officer Sherwin Jiminez at Correctional Training Facility at Soledad Prison Road, Soledad, CA 93960. The Clerk shall also mail a courtesy copy of the complaint with attachments if any and this Order to the California Attorney General's Office.

4. In order to expedite the resolution of this case, the Court orders as follows:

　　a. No later than 91 days from the date this order is filed, Defendant must file and serve a motion for summary judgment or other dispositive motion. If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).

　　b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment

5

provided later in this order as he prepares his opposition to any motion for summary judgment.

    c.  Defendant shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

  5.  Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).

  (The *Rand* notice above does not excuse defendant's obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

  6.  All communications by Plaintiff with the Court must be served on Defendant's counsel by mailing a true copy of the document to Defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

  7.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required

before the parties may conduct discovery.

8. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

9. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

10. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: August 24, 2018

_____
JON S. TIGAR
United States District Judge